**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TEWELDEBRHAN BERHE TESFALEM,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | No. 4:26-CV-01573<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**JULY 31, 2026**

Teweldebrhan Berhe Tesfalem is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. He commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking a bond hearing or immediate release based on his claim that his continued post-removal detention has become unconstitutional. The Court will deny Tesfalem's Section 2241 petition.

## I. BACKGROUND

Tesfalem is a native and citizen of Eritrea.[1] On October 6, 2024, he entered the United States near Calexico, California, without inspection or any valid entry

---

1 *See* Doc. 7-1 ¶ 2.

documents.[2] He was apprehended by ICE shortly thereafter.[3] On October 24, 2024, Tesfalem was issued a notice to appear following a determination that he had expressed a credible fear of removal to his home country.[4] On July 25, 2025, an Immigration Judge found that Tesfalem had abandoned his only pending application for relief from removal and ordered him removed to Eritrea.[5] Tesfalem appealed to the Board of Immigration Appeals (BIA), but then moved to voluntarily withdraw that appeal.[6] On March 30, 2026, the BIA granted the motion to withdraw and dismissed the appeal.[7] Thus, Tesfalem's order of removal became final on March 30, 2026.[8]

During the time Tesfalem's BIA appeal was pending, DHS had been working to obtain travel documents for Tesfalem's removal. DHS first applied for a travel document from the Embassy of Eritrea on September 15, 2025, seeking an identification replacement for Tesfalem.[9] On December 10, 2025, DHS determined that a national passport of travel documents could not be obtained for Tesfalem's travel to Eritrea.[10] DHS further discovered that the passport in Tesfalem's travel documents was a Greek passport issued by their asylum service,

---

2 *Id.* ¶ 3.
3 *Id.* ¶ 4.
4 *Id.* ¶ 5.
5 *Id.* ¶ 6; Doc. 7-4.
6 Doc. 7-2 ¶ 10; Doc. 7-5 at 4.
7 Doc. 7-5 at 4.
8 *See* 8 C.F.R. § 1241.1(a).
9 Doc. 7-2 ¶ 8.
10 *Id.* ¶ 11.

which passport was not valid for travel to Eritrea.[11] On May 28, 2026, DHS contacted the Greek Consulate to confirm whether Tesfalem retained his asylum status in Greece.[12] On July 7, 2026, DHS received confirmation from the Greek Consulate that Tesfalem has a current Uniform-Format Residence Permit that is valid until November 19, 2026, and the Greek Consulate issued Tesfalem a travel document for his return to Greece with an expiration date of December 5, 2028.[13] Tesfalem, in fact, has a ticketed travel itinerary for removal to Greece in early August 2026.[14]

Tesfalem lodged the instant Section 2241 petition in this Court on June 9, 2026, seeking either a bond hearing or immediate release.[15] Respondent promptly answered that petition.[16] Because it is plainly obvious that no habeas relief is due, the Court will deny Tesfalem's Section 2241 petition without waiting to receive a traverse.

## II. Standard of Review

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the

---

[11] *Id.* ¶ 12.
[12] *Id.* ¶ 15.
[13] *Id.* ¶ 17.
[14] *Id.* ¶ 18; *see* Doc. 7 at 4-5 & n.1 (indicating that the exact date of the flight has been redacted for security reasons).
[15] *See generally* Doc. 1.
[16] *See generally* Doc. 7.

United States."[17] Because Tesfalem filed the instant petition while he was detained within the jurisdiction of this court, is still currently detained by ICE, and asserts that his continued detention violates due process, this court has jurisdiction over his Section 2241 petition.[18]

## III. Discussion

Tesfalem appears to bring an as-applied due process challenge to his continued detention under 8 U.S.C. § 1231(a)(6). He argues that his removal is not reasonably foreseeable, so he should receive an individualized bond hearing or be released.[19] The government counters that Tesfalem's removal is reasonably foreseeable—and in fact scheduled for a date certain—and thus his continued detention under Section 1231(a) is constitutional.

Section 1231(a) of Title 8 of the United States Code "governs the detention, release, and removal of individuals 'ordered removed.'"[20] Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period."[21] That 90-day period generally begins to run, for noncitizens who are

---

17 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

18 *See Zadvydas v. Davis*, 533 U.S. 678, 688, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

19 *See* Doc. 1 at 7.

20 *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022).

21 8 U.S.C. § 1231(a)(1)(A).

detained or confined for criminal offenses, on "the date the alien is released from [non-immigration] detention or confinement."[22] Detention is mandatory during this first 90 days.[23]

Following expiration of the 90-day removal period, certain noncitizens "may" be detained if they fall into one of four distinct categories: "(1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those [determined] 'to be a risk to the community'; and (4) those [determined] to be 'unlikely to comply with the order of removal.'"[24] How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."[25] Of course, the phrase "a period reasonably necessary to bring about that alien's removal" provides no easily ascertainable guidelines.[26] According to *Zadvydas*, a period reasonably necessary

---

22 *Id.* § 1231(a)(1)(B)(iii).

23 *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)).

24 *Arteaga-Martinez*, 596 U.S. at 578-79 (quoting 8 U.S.C. § 1231(a)(6)).

25 *Zadvydas*, 533 U.S. at 689.

26 *See Arteaga-Martinez*, 596 U.S. at 586 (Thomas, J., concurring in part); *see also Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 223-24 (3d Cir. 2018), *abrogated on other grounds by Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022). In *Johnson v. Arteaga-Martinez*, the Supreme Court abrogated the Third Circuit's holding in *Guerrero Sanchez* that

to bring about a noncitizen's removal from the United States is presumptively six months.[27]

Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively constitutional period may bring an as-applied Due Process Clause challenge to their continued detention should that detention become prolonged and potentially unlawful.[28] Specifically, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [noncitizen]."[29]

Tesfalem's habeas petition fails for two reasons. First, his removal order did not become final until March 30, 2026, when the BIA dismissed his appeal. Thus, the 90-day removal period with mandatory detention required by Section 1231(a)(1)(A) did not expire until June 28, 2026. Accordingly, Tesfalem has only

---

Section 1231(a)(6) presumptively "requires the Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *Arteaga-Martinez*, 596 U.S. at 576. The Court did not address the merits of the petitioner's individualized Due Process Clause challenge or hold that such a claim could not be pursued. *See id.* at 583-84. Moreover, the United States reassured the *Arteaga-Martinez* Court that "as-applied constitutional challenges" to prolonged detention under Section 1231(a)(6) "remain available." *Id.* at 583.

27 *See Zadvydas*, 533 U.S. at 701.

28 *See Zadvydas*, 533 U.S. at 699-701; *Guerrero-Sanchez*, 905 F.3d at 225; *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (citing *Zadvydas*, 533 U.S. at 689, 701).

29 *Guzman Chavez*, 594 U.S. at 529 (internal quotation marks omitted) (citing *Zadvydas*, 533 U.S. at 701); *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention).

been detained for approximately four months into the presumptively constitutional six-month period described in *Zadvydas*, and during the first three of those months his detention was mandatory. Tesfalem has not rebutted the presumption of reasonableness, which alone is a sufficient basis to deny his habeas petition.[30]

Furthermore, even if Tesfalem could make the initial showing that there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the government has firmly rebutted that contention. To wit: travel documents have been obtained for Tesfalem to be removed to Greece and a flight with a date certain has been booked for early next month. As such, Tesfalem's due process claim fails.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Tesfalem's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

30 *See, e.g.*, *Yevheni v. Ahrendt*, No. 18-cv-14246, 2019 WL 1293581, at *2 (D.N.J. Mar. 20, 2019) (denying Section 2241 petition where petitioner had been detained under Section 1231(a) for just over three months); *Perez Mujica v. Sage*, No. 3:26-cv-01571, 2026 WL 1859352, at *3 (M.D. Pa. June 29, 2026) (Mehalchick, J.).